IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Northern Division

MALIBU MEDIA, LLC,                          :
                                            :
                    Plaintiff               :
                                            :
v.                                          :        Case No. 1:14-cv-00654-CCB
                                            :
JOHN DOE, ("Doe Subscriber")                :
                                            :
                    Defendant               :

MOTION TO QUASH SUBPOENA OR FOR OTHER APPROPRIATE RELIEF

COMES NOW, the Defendant, John Doe, ("Doe Subscriber") by and

through his Attorney, Joseph C. Ruddy, Jr., Esquire, and hereby requests of

this Honorable Court that the Subpoena issued on March 7. 2014, at the

request of the Plaintiff, Malibu Media, LLC in the above entitled matter be

Quashed, and in support thereof states as follows:

1.  The Plaintiff's Complaint-Action for Damages for Property Rights

Infringement represents a Pleading that lacks sufficiency of allegations that

would only be applicable to the Defendant John Doe, ("Doe Subscriber"), and

said allegations consistently fail to rule-out the alleged property rights

infringement by an interloper.  See, Patrick Collins, Inc. v. Doe, 1,288 F.R.D.

233, 237-39 (E.D.N.Y. 2012) and the Defendant John Doe ("Doe Subscriber"),

Affidavit set forth in Exhibit I.

2.  When the allegations setforth in the Plaintiff's Complaint are

contrasted with the allegations in the Affidavit of the Defendant John Doe ("Doe

Subscriber"), it is just as likely that a teenage neighbor of the Defendant John Doe ("Doe Subscriber") whose parents would not allow the viewing of pornography and who is not old enough to gain entrance to a public theater that shows pornography, and is not old enough to buy at a public store pornography intending to burn copies to sell to his friends could be the probable Interloper who is utilizing Defendant John Doe's ("Doe Subscriber"), wireless router because the teenage Interloper is an accomplished hacker.

3.  The lack of sufficiency of allegations that are <u>only</u> applicable to the Defendant John Doe, ("Doe Subscriber") both individually and collectively are insufficient to State a Claim(s) against the John Doe Defendant, ("Doe Subscriber").  See, <u>Digital Sin, Inc. v. Does</u>,1-176, 279 F.R.D. 239, 242 (S.D.N.Y., 2012).

4. The sole conclusion to be reached by all the allegations both individually and collectively set forth in the Plaintiff's Complaint is that the router of Defendant John Doe, ("Doe Subscriber") was utilized in the infringement of the Plaintiff's Property Rights.

5.  However, absent specific allegations which are applicable to the John Doe Defendant <u>only</u> the filing of the Complaint relying exclusively on an IP address wherein a wireless router is in use is at best a fishing expedition, and at worst an attempt to shake down a John Doe Defendant ("Doe Subscriber") once their identity is known to the Plaintiff.

6.  An innocent Party Defendant such as the John Doe Defendant ("Doe Subscriber")in the case at hand suffers irreparable harm should their identity be

disclosed to the Plaintiff's through the enforcement of a Subpoena as a result of the filing of a Complaint whose allegations are incapable of distinguishing innocent from culpable Defendants.

WHEREFORE, John Doe Defendant, ("Doe Subscriber") hereby respectfully requests of this Court that the Civil Subpoena request issued on March 7, 2014, by the Plaintiff be Quashed for the reasons previously stated herein.

LAW OFFICES
JOSEPH C. RUDDY, JR.


BY:  /s/  Joseph C. Ruddy, Jr.
Joseph C. Ruddy, Jr.
I.D. #12492
4314 Hamilton Street
Hyattsville, Maryland 20781
Phone: 301-699-5666
Attorney for John Doe
Defendant ("Doe Subscriber")


POINTS AND AUTHORITIES

Points

1. As cited above.

2. As cited in Affidavit of the Defendant John Doe ("Doe Subscriber").

Authorities

1. Digital Sin, Inc. v. Does,1-176, 279 F.R.D. 239, 242 (S.D.N.Y., 2012).

2. Patrick Collins, Inc. v. Doe, 1,288 F.R.D. 233, 237-39 (E.D.N.Y. 2012).


BY:  /s/  Joseph C. Ruddy, Jr.
Joseph C. Ruddy, Jr.

4

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing MOTION FOR

EXTENSION OF TIME TO FILE A MOTION TO QUASH SUBPOENA OR

OTHER APPROPRIATE RELIEF was served by mailing postage prepaid, first

class mail, this _9th_ day of June, 2014, to Jon A. Hoppe, Esquire, Maddox,

Hoppe, Hoofnagle & Hafey, LLC, 1401 Mercantile Lane #106, Largo, Maryland

20774, Attorney for Plaintiff.


By: _*/s/ Joseph C. Ruddy, Jr.*_
Joseph C. Ruddy, Jr.